## AMARANCY SARLE v. THE COURT OF PROBATE OF SCITUATE.

### SAME v. SAME.

Where a testator gave by his will to his wife, all his estate, both real and personal, during her widowhood, and "all the personal estate that may remain after the decease or marriage of my said wife," over to his brothers and sisters in fee, and the personal estate was proved to consist, in part, of household furniture, farming utensils, and farm stock, the gift over was held not to be void for indefiniteness; the words,—"that may remain after the decease or marriage of my said wife,"—being construed to refer to such of the stock as survived her death or marriage, and so much of the furniture and farming utensils as was not then worn out by use.

In such case, the wife being executrix of the will, and not being sole or residuary legatee, was required to give bond in the ordinary form, to return an inventory, &c., and not allowed to give bond to pay debts and legacies.

The bond required by the Court of Probate below, being in more than double the value of the personal property, was reduced to that amount; and held not to be a continuing security to those entitled to the personal property, in remainder, but to be discharged upon the widow's settling her final account with the Court of Probate, in which she might credit herself with the personal property retained by her, as legatee during widowhood.

In such case, the widow refusing to give the bond required by the decree of the Court of Probate, but appealing therefrom, the court properly appointed a custodian of the personal property, as well for the security of those interested therein, as for the care and management of the same.

THESE were appeals from decrees of the Court of Probate of the town of Scituate, made, the one on the 22d day of February, and the other on the 29th day of March, 1862. Orris Sarle, late of Scituate, by his last will and testament, disposed of his property, real and personal, in the following manner, and made his wife sole executrix of the same :—

SEPTEMBER TERM, 1862. 271

Sarle v. Court of Probate of Scituate. Same v. Same.

" I give, devise and bequeath to my wife, Amarancy Sarle, all my estate, both real and personal, during the time that she may remain my widow,—said real estate is situated in the towns of Scituate and Johnston, and · lies in several separate lots, with all the buildings and improvements thereon,—she, my said wife, paying all my just debts, funeral expenses, and the expense of settling my estate, and also of causing suitable marble grave-stones to be erected at my grave.

" *Secondly.* After the decease or marriage of my said wife, I give, devise and bequeath all the above said real estate to my lawful heirs at law, meaning all my brothers and sisters, and the children of them· that are deceased, to them, their heirs and assigns forever, share and share alike, and also all the personal estate, to the same as above named, that may remain after the decease or marriage of my said wife, to them, their heirs and assigns forever, the children of deceased ones to have one-fourth part."

The widow,—now appellant,—claimed before the Court of Probate below, as residuary legatee, to give a bond to pay debts and legacies; but the court disallowing her claim, required her to give bond, in the common form, to return an inventory, &c., and fixed the penalty of the same at the sum of six thousand dollars, which she refusing to give, and appealing from that decree, the court, upon the petition of the heirs at law of Orris Sarle, appointed Jonah Titus, Esq., under a like bond, custodian of the personal estate until letters testamentary or of administration should be granted thereon.

From both these decrees, Amarancy Sarle, the widow, appealed to this court.

Upon the trial of the appeal at the present term, it appeared, that the testator had no children ·or descendants at the time of making his will, or at his death; that his personal estate, consisting of notes of hand, mortgages, household furniture, farming utensils, and farm stock, did not exceed twenty-four hundred dollars; that the largest mortgage, of seven hundred dollars, was considered doubtful for the whole amount; that the widow had already paid debts to the amount of one hundred and fifty dol-

lars, and that there was a disputed claim against the estate, of about three hundred dollars. It further appeared, that the real estate was worth about two thousand dollars, and rented for the annual sum of twenty-five dollars over the taxes,—the widow reserving to herself certain privileges valued at fifty dollars,—and that when asked in the court below as to the amount of the personal property, she replied,—" *that it was taxed for twenty-five hundred dollars,*"—and no further question was put to her.

*Blake, for the appellant* :—

I. The appellant, by force of the words,—" that may remain after the decease," &c.,—took the whole personal property as residuary legatee. *Attorney General* v. *Hall,* Fitzgib. 314.; Fearne on Conting. Rem. 225, n. ; *Flanders* v. *Clark,* 1 Vez. Sr. 9 ; *Bull* v. *Kingston,* 1 Mer. 314 ; *Harris* v. *Knapp,* 21 Pick. 412 ; *Ide* v. *Ide,* 5 Mass. 500 ; U. S. Dig. for 1858, p. 217, § 69.

II. The personal charge upon the widow, of debts, funeral expenses, &c., compels this construction, especially considering the small value of the estate. *Cook* v. *Holmes,* 11 Mass. 528, 532, n.

III. As residuary legatee, the appellant was entitled to give bond to pay debts and legacies. Rev. St. Ch. 156, § 14.

IV. But if she were not residuary legatee, the bond was in an oppressive amount, being in far more than double the amount of the value of the personalty.

V. The decree appointing a stranger custodian of the property pending the appeal was improper, since the property was in the custody of the appellant, with whom the testator had trusted it for life ; and if any custodian had been appointed it should have been herself.

*B. N. Lapham, for appellee,* was stopped by the court upon the point that the appellant was residuary legatee. He contended, that the court should not interfere with the fair exercise of the discretion of a Court of Probate in the matters of the amount of a bond, or the appointment of a custodian ; that the amount of the bond was not unreasonable, the custom being to require it in double the probable amount of the personal estate, and the appellant not disclosing to the court below its real amount, but only what it was taxed for. He also insisted, that,

inasmuch as the appellant refused to give the proper bond, the court below did no more than their duty, under the Revised Statutes, Ch. 151, section 6, in appointing a custodian of the property.

AMES, C. J.   It is certainly true, that in numerous instances, a bequest of "*what shall remain*" or "*be left*," at the decease of a prior legatee, has been held to be void for uncertainty.   The expression is, however, susceptible of explanation, where, as here, the property, or part of it, consists of household furniture, farming utensils, and farm stock, by considering these words as referring to the expected diminution of the property from its perishable nature, or by the use and wear of the first taker. "Such, it is clear," says Mr. Jarman, "would be the construction, if the property, whatever were its nature, were given to the first taker expressly for life; indeed, there is not, it is believed, any case in which such expressions have been held to render the gift void, where the prior interest was expressly limited in such terms."   1 Jarman-on Wills, 321, 322; *Cooper* v. *Williams*, Prec. Ch. 71, pl. 64; *Gibbs* v. *Tait*, 8 Sim. 132; *Surman* v. *Surman*. 5 Madd. 123.

In the case before us, there is an express limitation of the personal, as well as of the real estate, to the wife, during widowhood, and an express bequest over, to his brother and sisters and their children, of "all the personal estate that may remain after the decease or marriage of my said wife."   The intent of the testator, as to the respective estates which his wife and his heirs at law should take in his personal property, is clearly expressed; and considering the nature of a portion of this property, there is no uncertainty as to what is bequeathed over, since the description of it, as that which "may remain after the decease and marriage of my said wife," may reasonably be supposed to refer to such of the farm stock as survives her marriage or death, or so much of the furniture and farming utensils as is not worn out by use, when either of those contingencies may determine the estate of the wife.

The estate of the wife being expressly defined as, during widowhood, no enlargement of her estate can be implied from the charge upon her, personally, of the testator's debts and

funeral expenses ; such implication only arising, where the will leaves the estate of the person charged, indefinite.   *King* v. *Cole and another*, 6 R. I. Rep. 584.

Upon this construction of the will, the appellant is, in no sense, a residuary legatee of the personal estate of her husband ; the residue of such estate, in the sense above explained, passing, by the will, subject to her estate therein, to the testator's brothers and sisters, or their representatives.

The decree of the Court of Probate below was, therefore, correct, in requiring her to give a bond, as executrix, in the ordinary form, to return an inventory, &c.   Upon the proof before us, and which might, if they had inquired, have been before them, we think that they have required the bond, contrary to the custom, in more than double the value of the property, and shall order it to be diminished to the sum of four thousand dollars. Both parties, as it seems to us, give too much importance to the amount of this bond.   It will be no continuing security to those entitled in remainder, for their interest in the testator's personal property ; but, upon the settlement by the executrix of her final account with the Court of Probate, in which she will credit herself with this property, as retained by her as legatee during widowhood, (so far as not expended in paying debts, funeral charges, the erection of gravestones, and the expenses of settling the estate,) the condition of the bond will have been satisfied, and the sureties will be discharged.

We see no reason to doubt the propriety of the other decree of the Court of Probate, appointing a custodian of the personal property, pending an appeal, in order to the due security of all interested therein, as well as for its due care and management, and order the appeal from that decree to be dismissed, with costs.